**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. _____

COUNTY HALL INSURANCE
COMPANY, INC., RRG,

      Plaintiff,

v.

NEW CONCEPT TRANSPORT, LLC,
ORLANDO SANCHEZ HERNANDEZ,
CAMILLE ANDREA GARCIA SEPULVEDA,
and BLANCA IRIS SEPULVEDA RODRIGUEZ,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, County Hall Insurance Company, Inc., a Risk Retention Group, by and through undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, files this Complaint for Declaratory Judgment against the Defendants, New Concept Transport, LLC, Orlando Sanchez Hernandez, Camille Andrea Garcia Sepulveda, and Blanca Iris Sepulveda Rodriguez, and alleges as follows:

## NATURE OF THE ACTION

1.      In this action, County Hall Insurance Company, a Risk Retention Group ("County Hall") seeks a declaration that it does not owe a duty to defend or indemnify New Concept Transport, LLC ("NCT") and Orlando Sanchez Hernandez ("Hernandez") in a lawsuit captioned *Camille Andrea Garcia Sepulveda, et al. v. Orlando Sanchez Hernandez, et al.*, Case No. 2023-

CA-003821, filed in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (the "Underlying Action").

2.      As discussed in greater detail below, the Underlying Action arose out of a motor vehicle accident that occurred at or near the intersection of SR-400 near Mile Marker 52 in Polk County, Florida.

3.      County Hall issued an Automobile Liability Insurance Policy to NCT for the policy period of July 27, 2021 to July 27, 2022, with limits of $1 million per occurrence and in the aggregate (the "Policy").

4.      There is a justiciable controversy relating to the rights and duties of the parties under the Policy. NCT and Hernandez contend that County Hall is required to defend and indemnify them in the Underlying Action while County Hall contends, for the reasons stated below, that County Hall does not owe a duty to defend and indemnify them in the Underlying Action.

5.      Camille Andrea Garcia Sepulveda and Blanca Iris Sepulveda Rodriguez are interested parties who have been included as defendants in order to bind them to the result of this action.

## THE PARTIES

6.      The Plaintiff, County Hall, is a North Carolina corporation with its principal place of business in North Carolina. County Hall is therefore a citizen of North Carolina.

7.      The Defendant, NCT, is a Florida limited liability company with its principal place of business in Florida. NCT has one member, Jesus M. Rivera, who is a resident and citizen of Orlando, Florida. NCT is therefore a citizen of Florida.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

8.      The Defendant, Hernandez, is a resident and citizen of Orange County, Florida, and is therefore a citizen of Florida.

9.      The Defendant, Camille Andrea Garcia Sepulveda, is an individual domiciled in and citizen of Polk County, Florida, and is therefore a resident and citizen of Florida.

10.     The Defendant, Blanca Iris Sepulveda Rodriguez, is an individual domiciled in and citizen of Polk County, Florida, and is therefore a resident and citizen of Florida.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

12.     This Court has personal jurisdiction over the Defendants because the Defendants are residents of Florida and/or conduct substantial business in Florida, including the business that gave rise to the Underlying Action.

13.     Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to the claim occurred within this District, the Defendants are residents of this District, and the Policy was delivered to NCT in this District.

## THE UNDERLYING ACTION

14.     On July 17, 2024, Camille Andrea Garcia Sepulveda and Blanca Iris Sepulveda Rodriguez filed a Second Amended Complaint against NCT and Hernandez in the Tenth Judicial Circuit Court in and for Polk County, Florida (the "Underlying Action"). A copy of the Second Amended Complaint (the "Complaint") is attached as Exhibit A.

15.    In the Complaint, Ms. Sepulveda and Ms. Rodriguez allege that on November 29, 2021, Ms. Sepulveda was operating her motor vehicle, and Ms. Rodriguez was a passenger in that vehicle, when Hernandez negligently operated his motor vehicle such that it collided with the motor vehicle driven by Ms. Sepulveda and occupied by Ms. Rodriguez. *See* Ex. A at ¶ 8-10, 12.

16.    According to the Complaint, Ms. Sepulveda and Ms. Rodriguez sustained injuries as a result of the motor vehicle collision, which included significant and permanent loss of bodily functions and/or permanent and significant scarring, aggravation or activation of an existing disease or physical defect, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, wage losses, and medical care expenses. *Id.* at ¶ 16, 20, 24, and 28.

17.    Ms. Sepulveda and Ms. Rodriguez each assert a negligence claim against Hernandez and a vicarious negligence claim against NCT, seeking the entry of a judgment against Hernandez and NCT for damages, costs, and such other relief that the Court deems just and proper. *Id.* at ¶ 14-29. Ms. Sepulveda and Ms. Rodriguez seek a jury trial on all issues so triable.

## THE INSURANCE POLICY

18.    County Hall issued the Policy to NCT for the policy period of July 27, 2021 to July 27, 2022, with limits of $1 million per occurrence and in the aggregate. A copy of the Policy is attached as Exhibit B.

19.    The Policy contains an insuring agreement that provides, in relevant part, as follows:

### *SECTION II – COVERED AUTOS LIABILITY COVERAGE*

#### *A. Coverage*

*We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies,*

*caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*

*We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".*

*We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.*

*See,* Ex. B. Policy Form CA 00 20 10 13 (Pages 2 through 3 of 15).

20.    The Policy contains an Exclusion of Non-Scheduled Drivers, which provides, in

relevant part, as follows:

### *EXCLUSION OF NON-SCHEDULED DRIVERS*

*It is hereby understood and agreed that the following exclusion is added to the policy:*

| SCHEDULE OF COVERED DRIVERS | | | | | |
|---|---|---|---|---|---|
| NAME | DOB | STATE | LICENSE # | YEARS OF CLASS A EXP. | DATE OF HIRE |
| JESUS RIVERA | ███ | FL | ███ | 17 | 05/28/2020 |
| JAIME TREJO | ███ | FL | ███ | 19 | 05/28/2020 |
| JOSE GONZALEZ | ███ | FL | ███ | 15 | 05/28/2020 |
| GUILLERMO CALDERON | ███ | FL | ███ | 10 | 05/28/2020 |
| EDWARD ANDINO | ███ | FL | ███ | 5 | 08/28/2020 |
| JORGE GARCIA | ███ | FL | ███ | 2 | 01/15/2021 |
| SONEEL PARCHMENT | ███ | FL | ███ | 5 | 03/15/2020 |
| JAIME ERAZO | ███ | FL | ███ | 29 | 05/03/2021 |
| JESUS RIVERA ROLON | ███ | FL | ███ | 2 | 01/02/2020 |

*A. This insurance does not apply to liability or damages for "bodily injury" or "property damage" arising out of:*

*1. The ownership, maintenance or use of any "auto" by anyone other than the individuals shown in the Schedule of Covered Drivers above, whether or*

*not such ownership, mainentance or use was with the express or implied permission of any "insured" or the owner of the "auto"; or*

**2.** *Any negligence which may be imputed to any "insured" by law arising out of the ownership, maintenance or use of any "auto" by anyone other than the individuals shown in the Schedule of Covered Drivers above, including any claims against any "insured" for negligent hiring, negligent retention or negligent entrustment.*

**B.** *If this exclusion is invalid or unenforceable in the state or territory where an "accident" occurs because of a state or federal financial responsibility law, we will provide the minimum Limit of Liability necessary to comply with such law. However, we have the right to seek reimbursement from you for any amounts we pay as a result of damages otherwise excluded under this endorsement.*

*See*, Ex. B, Endorsement Form CHI – 370 (05/19).

21.    On the day of the motor vehicle collision that gave rise to the Underlying Action – but after the motor vehicle collision had already taken place – NCT sought to have Hernandez added as a scheduled driver under the Policy.

22.    County Hall has been defending NCT and Hernandez in the Underlying Action under a reservation of rights, including the right to seek a declaratory judgment defining its obligations of defense and indemnity under the Policy for the Underlying Action.

<u>**COUNT I: CLAIM FOR DECLARATORY JUDGMENT**</u>
**(No Duty to Defend NCT and Hernandez)**

23.    County Hall repeats and re-alleges the allegations contained in paragraphs 1 through 22 as though fully set forth herein.

24.    A justiciable controversy has arisen over whether the Policy provides coverage for the claims made against NCT and Hernandez in the Underlying Action.

25.    County Hall contends that the Policy does not provide coverage for these claims because Hernandez was not a scheduled driver under the Policy prior to the motor vehicle collision

that gave rise to the Underlying Action. The Exclusion of Non-Scheduled Drivers Endorsement states that "this insurance policy does not apply to liability or damages for bodily injury or property damage arising out of the ownership, maintenance, or use of any 'auto' by anyone other than the individuals shown in the Schedule of Covered Drivers." The Schedule of Covered Drivers does *not* identify Hernandez as a covered driver under the Policy. Because Hernandez was not listed as a covered driver under the Policy ***prior to the motor vehicle collision***, there is no coverage available for NCT or Hernandez under the Policy to respond to the claims made in the Underlying Action.

26.     Accordingly, County Hall contends that the Policy does not provide coverage for the claims made against NCT and Hernandez in the Underlying Action.

27.     There exists a bona fide actual, present and practical need for a declaration regarding coverage under the Policy and the rights and obligations of County Hall under the Policy.

28.     The rights and obligations of County Hall under the Policy are dependent upon the facts or the law applicable to the facts affecting coverage under the Policy.

**WHEREFORE**, Plaintiff, County Hall Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that County Hall has no obligation to defend NCT and Hernandez under the Policy for the claims made by Ms. Sepulveda and Ms. Rodriguez in the Underlying Action; and (b) grant such other relief as the Court deems just and proper.

## COUNT II: CLAIM FOR DECLARATORY JUDGMENT
### (No Duty to Indemnify NCT and Hernandez)

29.     County Hall repeats and re-alleges the allegations contained in paragraphs 1 through 22 as though fully set forth herein.

30.     A justiciable controversy has arisen over whether the Policy provides coverage for the claims made against NCT and Hernandez in the Underlying Action.

31.     County Hall contends that the Policy does not provide coverage for these claims because Hernandez was not a scheduled driver under the Policy prior to the motor vehicle collision that gave rise to the Underlying Action. The Exclusion of Non-Scheduled Drivers Endorsement states that "this insurance policy does not apply to liability or damages for bodily injury or property damage arising out of the ownership, maintenance, or use of any 'auto' by anyone other than the individuals shown in the Schedule of Covered Drivers." The Schedule of Covered Drivers does *not* identify Hernandez as a covered driver under the Policy. Because Hernandez was not listed as a covered driver under the Policy ***prior to the motor vehicle collision***, there is no coverage available for NCT or Hernandez under the Policy to respond to the claims made in the Underlying Action.

32.     Accordingly, County Hall contends that the Policy does not provide coverage for the claims made against NCT and Hernandez in the Underlying Action.

33.     There exists a bona fide actual, present and practical need for a declaration regarding coverage under the Policy and the rights and obligations of County Hall under the Policy.

34.     The rights and obligations of County Hall under the Policy are dependent upon the facts or the law applicable to the facts affecting coverage under the Policy.

**WHEREFORE**, Plaintiff, County Hall Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that County Hall has no obligation to indemnify NCT and Hernandez under the Policy for the claims made by Ms. Sepulveda and Ms. Rodriguez in the Underlying Action; and (b) grant such other relief as the Court deems just and proper.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Plaintiff,*
*County Hall Insurance Company*
2 South Biscayne Blvd., Suite 3050
Miami, Florida 33131
Telephone:  (305) 530-0800
Facsimile:  (305) 530-0801

By: /s/ *Daniel M. Hirschman*
     JAMES M. KAPLAN
     Florida Bar No. 921040
     james.kaplan@kaplanzeena.com
     elizabeth.salom@kaplanzeena.com
     service@kaplanzeena.com
     DANIEL M. HIRSCHMAN
     Florida Bar No. 44177
     daniel.hirschman@kaplanzeena.com
     cheryl.mingo@kaplanzeena.com